IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORIO COLIN,      ) | |
|                     ) | |
| Plaintiff,          ) | |
|                     ) | |
| vs.                 ) | Case No. 19-cv-494-DWD |
|                     ) | |
| P.A. GERST,         ) | |
| DENNIS LARSON,      ) | |
| DANIEL SULLIVAN,    ) | |
| WEXFORD HEALTH SOURCE, INC.  ) | |
| and                 ) | |
| DR. GARCIA,         ) | |
|                     ) | |
| Defendants.         ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 11 (Doc. 39). Defendants allege that Plaintiff failed to fully disclose his prior litigation history on his initial Complaint forms. Plaintiff, a Spanish-speaking prisoner proceeding pro se at the time of filing now represented by recruited counsel, filed a Response (Doc. 42) arguing that his omission of his litigation history was inadvertent and that dismissal is inappropriate.

Courts may impose appropriate sanctions, including dismissal or default, against litigants who violate discovery rules and other rules and orders designed to enable judges to control their dockets and manage the flow of litigation. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011). When a party fails to disclose litigation history, a court may

1

permissibly find an intent to defraud the court if the omission was "both material and intentional." *Id.* Even then, the Seventh Circuit has repeatedly stressed that "in all but the most extreme situations courts should consider whether a lesser sanction than dismissal with prejudice would be appropriate." *Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 877 (7th Cir. 2019).

Plaintiff used a form for the Complaint—provided by the Court—calls for disclosure of his litigation history and warns of the potential consequences for failing to do so. (Doc. 1, p. 4). Plaintiff responded "N/A", indicating that there were no prior cases, and signed the Complaint, indicating that he warranted the contents to be true and correct to the best of his knowledge. (*Id.*, pp. 4, 23).

Plaintiff had actually filed two prior Section 1983 cases in the Northern District of Illinois: *Colin v. Cook County*, 1:15-cv-3445 and *Colin v. Cook County*, 1:15-cv-5364. The former was voluntarily dismissed, while the latter was dismissed for failure to state a claim. Accordingly, it appears that Plaintiff has one "strike" under 28 U.S.C. § 1915(g)

On the face of it, Plaintiff provided the Court incorrect information about a material fact. *See Greyer*, 933 F.3d at 880 ("If an undisclosed past case was dismissed as frivolous, malicious, or failed to state a claim (i.e., it was or should have been a strike), then omission of that case is material.").

However, Plaintiff has proffered a credible explanation and affidavit suggesting that the material omission was not intentional. Plaintiff indicates that he is a native Spanish speaker with a limited ability to read English and no ability to write in English. (Affidavit of Gregorio Colin, Doc. 42-1). He received the help of an inmate worker at the

prison law library in drafting his Complaint and disclosed the fact that he had prior cases. The other inmate, who actually prepared the Complaint based on Plaintiff's statements, told him he need not disclose prior dismissed cases and therefore did not list them. When a similar question about Plaintiff's litigation history was asked in discovery, Plaintiff (now represented by counsel) responded that he had previously filed suit. (Doc. 42-2).

There is always a danger in trusting the legal advice of a fellow inmate. However, unless inmates are provided translated forms, they seem to have little choice but to abide by what their scribe says. Although the omission was material, there is insufficient evidence to find that it was intentional.

Accordingly, the Court finds that dismissal of the case is not warranted, and Defendants' Motion (Doc. 39) is **DENIED**. Plaintiff is hereby **WARNED** that in any future litigation under Section 1983, he must disclose his full litigation history if asked, including the fact that he was assessed a "strike" in *Colin v. Cook County*, 1:15-cv-5364. Plaintiff's unopposed Motion to Extend Discovery (Doc. 43) is **GRANTED**. Discovery in this case shall be completed no later than August 3, 2021. Any dispositive motions shall be filed on or before September 3, 2021.

**IT IS SO ORDERED.**

**DATED:  June 16, 2021**

_____
**David W. Dugan**
**United States District Judge**

3